PROB 12C
(6/16)

Report Date: August 6, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 06, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Jeffrey Francis Matlock | Case Number: 0980 2:08CR00137-WFN-43 |
| Address of Offender: | Spokane, Washington 99207 |

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: April 29, 2010

| | |
|---|---|
| Original Offense: | Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 21 U.S.C. §§ 841(a) & 846 |
| Original Sentence: | Prison - 144 months<br>TSR - 120 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Stephanie A. Van Marter | Date Supervision Commenced: October 11, 2019 |
| Defense Attorney: | Colin G. Prince | Date Supervision Expires: October 10, 2029 |

## PETITIONING THE COURT

To incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 12/02/2019, 12/10/2019, 12/19/2019, and 04/30/2020.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **Standard Condition #3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.<br><br>**Supporting Evidence**: On July 8, 2020, this officer received information that Jeffrey Matlock had not truthfully reported the details surrounding the termination of his employment with Veneer Chip Transport, Inc.<br><br>On October 11, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Matlock, as outlined in the judgment and sentence.  He signed a copy acknowledging the requirements.<br><br>In April 2020, the offender informed this officer he "had not worked in a couple of weeks" and was thus actively looking for employment.  When this officer inquired about why he was no longer employed Mr. Matlock stated, the driver he was working for had returned to work, and because of the COVID virus, no other positions were currently available.<br><br>On July 8, 2020, the undersigned officer received information suggesting that the offender had not been truthful. |

Prob12C
**Re: Matlock, Jeffrey Francis**
**August 6, 2020**
**Page 2**

        On that same date, July 8, 2020, this officer contacted Veneer Chip Transport, Inc. According to the director of administration for the company, the offender was immediately terminated for damage caused to the company's truck in the early morning of March 10, 2020, when the truck was run off the highway.

7        **Special Condition #17**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

        **Supporting Evidence**: On July 10, 2020, Jeffrey Matlock failed to report for phase urinalysis testing at Pioneer Human Services (PHS), when his assigned color was identified for testing.

        On October 11, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Matlock, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

        On July 13, 2020, the undersigned officer received notification from PHS that the offender failed to report for phase urinalysis testing on July 10, 2020.

        This officer subsequently contacted the offender on July 13, 2020, to inquire about his failure to report for testing the previous week. Mr. Matlock stated, he had not even attempted to call the phase urinalysis hotline on July 9 or 10, 2020, because he had been subject to random urinalysis testing on July 8, 2020, and "assumed" he had satisfied his testing requirement for the week.

        The offender acknowledged he had been instructed to call into the phase urinalysis hotline on a daily basis, to include weekends and holidays, and this officer did not excuse him from that responsibility.

The U.S. Probation Office respectfully recommends the Court to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

        I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   08/06/2020

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

Prob12C
**Re: Matlock, Jeffrey Francis**
**August 6, 2020**
**Page 3**

## THE COURT ORDERS

- [ ] No Action
- [ ] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [x] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ] Defendant to appear before the Judge assigned to the case.
- [x] Defendant to appear before the Magistrate Judge.
- [ ] Other

_____
Signature of Judicial Officer

_____August 6, 2020_____
Date