PROB 12C
(6/16)

Report Date: December 23, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Dec 23, 2020**

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jeffrey Francis Matlock            Case Number: 0980 2:08CR00137-WFN-43

Address of Offender:                                 Spokane, Washington 99207

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: April 29, 2010

Original Offense:    Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 21 U.S.C. §§ 841(a) & 846

Original Sentence:   Prison - 144 months, 20 days;    Type of Supervision: Supervised Release
                     TSR - 120 months

Asst. U.S. Attorney: Stephanie A. Van Marter          Date Supervision Commenced: October 11, 2019

Defense Attorney:    Colin G. Prince                  Date Supervision Expires: October 10, 2029

## PETITIONING THE COURT

To incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 12/03/2019, 12/13/2019, 12/19/2019, 05/01/2020, 08/06/2020, and 08/27/2020.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 9 | **Special Condition #17**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: On November 20, 2020, it is alleged Jeffrey Matlock violated special condition number 17 by failing to submit to phase urinalysis testing at Pioneer Human Services (PHS) when his assigned color was identified for testing.<br><br>On October 11, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Matlock, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.<br><br>On November 23, 2020, this officer received notification from PHS that the offender failed to report for phase urinalysis testing on November 20, 2020, when his assigned color was identified for testing. |

Prob12C
Re: Matlock, Jeffrey Francis
December 23, 2020
Page 2

10  **Standard Condition #3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence**: On November 24, 2020, it is alleged Jeffrey Matlock violated standard condition number 3 by failing to check in with the undersigned officer, as instructed.

On October 11, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Matlock, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On the morning of November 24, 2020, this officer attempted to contact the offender in order to instruct him to report for random urinalysis testing, but was unsuccessful. The undersigned officer subsequently sent Mr. Matlock a voice message and text message instructing him to check-in with this officer later that morning.

When the offender did not check-in as instructed, this officer again attempted to contact Mr. Matlock, but was unsuccessful. It was not until shortly before 5 p.m. on November 24, 2020, when the offender contacted the undersigned officer. PHS was scheduled to close shortly thereafter, therefore, this officer was unable to have the offender randomly drug tested, as instructed by the Court.

11  **Standard Condition #3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence**: On December 4, 2020, it is alleged Jeffrey Matlock violated standard condition number 3 by failing to get tested for the COVID-19 virus, as instructed.

On October 11, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Matlock, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On December 4, 2020, after being asked by PHS staff to leave the facility, Mr. Matlock contacted this officer insisting he had no idea why staff would ask him to leave. The offender insisted he felt "fine," although this officer immediately noted he did not sound well, which was in stark contrast to the tone of his voice when we spoke just hours earlier.

On the morning of December 4, 2020, because PHS required the offender to submit to COVID testing before he could return, this officer instructed the client to immediately submit to COVID testing. In addition, Mr. Matlock was directed to text the undersigned officer with the information of where he had/would be tested, and he confirmed he understood.

Despite having previously been tested for COVID, and thus being knowledgeable of where to go to get tested, Mr. Matlock did not get tested on December 4, 2020, as instructed. In fact, the offender did not submit to COVID testing until the evening of December 7, 2020.

It should be noted that because Mr. Matlock refused to get tested for COVID, he could not be subject to phase or random urinalysis testing during that time period.

**Prob12C**
**Re: Matlock, Jeffrey Francis**
**December 23, 2020**
**Page 3**

  12  **Standard Condition #3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

    **Supporting Evidence**: On December 15, 2020, it is alleged Jeffrey Matlock violated standard condition number 3 by failing to submit to random urinalysis testing within the allotted time period, as instructed.

    On October 11, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Matlock, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

    On the morning of December 15, 2020, the offender was instructed to report to PHS for random urinalysis testing by 9:30 a.m.

    At approximately 9:33 a.m., Mr. Matlock contacted this officer and advised he was at that time leaving to report to PHS. The offender claimed he was waiting for a ride that had snow tires, but when the undersigned asked why he would not attempt to contact this officer prior to his report time to discuss issues with transportation, he offered no response.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

          I declare under penalty of perjury that the foregoing is true and correct.

          Executed on:  December 23, 2020

                s/Amber M. K. Andrade

                Amber M. K. Andrade
                U.S. Probation Officer

Prob12C
Re: Matlock, Jeffrey Francis
December 23, 2020
Page 4

---

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[X]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

Signature of Judicial Officer

12/23/2020
Date